UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11466-GAO

ASHLEIGH PRUELL, AMY GORDON,
and all others similarly situated,
Plaintiffs,

v.

CARITAS CHRISTI, CARITAS CHRISTI NETWORK SERVICES, INC., CARITAS CARNEY HOSPITAL, INC., CARITAS GOOD SAMARITAN MEDICAL CENTER, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS NORWOOD HOSPITAL, INC., CARITAS SOUTHWOOD HOSPITAL, INC., CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., CARITAS ST. JOHN OF GOD HOSPITAL, INC., NORWOOD HOSPITAL, SAINT ANNE'S HOSPITAL CORPORATION, RALPH DE LA TORRE, M.D., RICHARD KROPP, and CARITAS CHRISTI RETIREMENT PLAN,
Defendants.

OPINION AND ORDER
September 27, 2010

O'TOOLE, D.J.

The named plaintiffs, Ashleigh Pruell and Amy Gordon, initiated this putative class action on behalf of all current and former employees of the defendant against the Caritas Christi network of hospitals and two senior executives (collectively, "Caritas"). They allege that Caritas maintains three policies that deny employees compensation for all hours worked: the "Meal Break Policy," by which Caritas automatically deducts half an hour for a meal break but fails to ensure that employees actually receive that break; the "Unpaid Preliminary and Postliminary Work Policy," by which Caritas fails to pay employees for work performed before and after shifts; and the "Unpaid Training Policy," by which Caritas fails to pay employees for time spent attending training sessions (all collectively, the "Unpaid Work Policies").

Based on these policies, the plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), the Employee Retirement Income Security Act ("ERISA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), as well as a state-law claim of estoppel. Caritas has moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).

## I. FLSA (Count I)

Count I alleges that Caritas violated the FLSA's minimum wage provision, 29 U.S.C. § 206, and its overtime compensation provision, id. § 207, by maintaining the Unpaid Work Policies. To state a claim under the FLSA, the plaintiffs must allege that they were employed by Caritas; that their work involved interstate activity; and that they performed work for which they were improperly compensated. See id. §§ 206(a), 207(a)(1); see also Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) ("An employee who brings suit . . . for unpaid minimum wages or unpaid overtime compensation . . . has the burden of proving that he performed work for which he was not properly compensated."). Caritas argues that the plaintiffs have not adequately pled the first or third elements under the pleading standards established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937 (2009).

While Twombly and Iqbal reformed the Rule 12(b)(6) pleading standard, the plaintiffs are correct that these cases left intact the long-standing fundamentals of notice pleading. See Sec. & Exch. Comm'n v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010). The notice pleading standard requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation omitted). After Twombly and Iqbal, a complaint must contain enough facts to show that it is

"plausible," rather than merely speculative, that the pleader is entitled to relief. See 129 S. Ct. at 1949; 550 U.S. at 555. Nevertheless, pleading specific evidence or detailed factual allegations beyond what is needed to make the claim plausible is not required. Twombly, 550 U.S. at 570 (reiterating that Rule 8 "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face").

The FLSA's minimum wage and overtime compensation provisions apply only to "employees" of an "employer." See 29 U.S.C. §§ 206(a), 207(a)(1). Caritas argues that the plaintiffs have not sufficiently alleged that they were Caritas employees because the complaint alleges only that they were "employees under the FLSA" (Compl. ¶ 75) without identifying what jobs they held, at what hospitals they worked, or when they worked for Caritas. Put simply, those specifics are unnecessary under the notice pleading standard. The complaint repeatedly alleges that the plaintiffs "perform[ed] compensable work for" Caritas, (e.g., id. ¶ 81), which sufficiently enables Caritas to conclude that the plaintiffs are asserting that an employer-employee relationship existed between the parties. See Zhong v. August August Corp., 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (finding the first element satisfied by allegations that the plaintiff "was an employee" and "was employed" by the defendant).

Turning to the third element of an FLSA claim, the minimum wage provision entitles employees to a wage "not less than $7.25 an hour."[1] 29 U.S.C. § 206(a). To claim improper compensation under this provision, the plaintiffs must allege that the wages received fell below this statutory minimum. Caritas argues that the plaintiffs' minimum wage claim must be dismissed because they do not allege that their rate of pay fell below the statutory minimum; they allege only that they were "denied . . . compensation for all hours worked." (Compl. ¶ 78.)

---

[1] This is the current minimum wage. Because the plaintiffs fail to specify when they worked for Caritas, it is impossible to know the prevailing minimum wage applicable to their specific claims.

3

While the FLSA's minimum wage provision speaks of an hourly wage, an employer's failure to compensate an employee for particular hours worked does not necessarily violate the minimum wage provision. See <u>Dove v. Coupe</u>, 759 F.2d 167, 171 (D.C. Cir. 1985). That is because the workweek as a whole, not each individual hour within the workweek, determines whether an employer has complied with the minimum wage provision. <u>Id.</u>; <u>see</u> 29 C.F.R. § 776.4(a). Under what has become known as the <u>Klinghoffer</u> rule, taking its name from <u>United States v. Klinghoffer Bros. Realty Corp.</u>, 285 F.2d 487, 490 (2d Cir. 1960), no minimum wage violation occurs so long as the total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the applicable minimum wage. Accord <u>Adair v. City of Kirkland</u>, 185 F.3d 1055, 1062 n.6 (9th Cir. 1999); <u>U.S. Dep't of Labor v. Cole Enters., Inc.</u>, 62 F.3d 775, 780 (6th Cir. 1995); <u>Hensley v. MacMillan Bloedel Containers, Inc.</u>, 786 F.2d 353, 357 (8th Cir. 1986); <u>Dove</u>, 759 F.2d at 171; <u>Blankenship v. Thurston Motor Lines, Inc.</u>, 415 F.2d 1193, 1198 (4th Cir. 1969); U.S. Dep't of Labor, Opinion Letter FLSA 2008-5 (May 30, 2008), <u>available at</u> http://www.dol.gov/whd/opinion/flsa.htm (last visited September 23, 2010). To state a plausible minimum wage claim under the <u>Klinghoffer</u> rule, therefore, a complaint must approximate the plaintiffs' weekly wages and hours worked per week.

Applying the <u>Klinghoffer</u> rule here, the plaintiffs offer no facts suggesting that they have a plausible minimum wage claim. The plaintiffs speculate that they might have a minimum wage claim because they were "denied . . . compensation for all hours worked." (Compl. ¶ 78.) But they have failed to allege facts, namely their approximate weekly wages and hours worked, that would nudge their minimum wage claim over the line from speculative to plausible. Accordingly, the minimum wage claim is insufficiently pled and must be dismissed.[2]

---

[2] It may be questionable whether many Caritas employees will have a viable minimum wage claim. The operative collective bargaining agreements, available as part of the public record in plaintiffs' parallel

The FLSA's overtime compensation provision entitles covered employees to payment of one-and-one-half times their regular rate for hours worked in excess of forty in any workweek. 29 U.S.C. § 207(a)(1). Courts have taken two approaches to determining whether a complaint adequately alleges improper compensation under this provision. In <u>Landry v. Peter Pan Bus Lines, Inc.</u>, No. 09-11012, slip op. at 4 (D. Mass. Nov. 20, 2007) (dkt. no. 18)—typifying the less stringent standard—another judge of this Court explained that a plaintiff need only allege "that he worked in excess of 40 hours per week but was not paid overtime." See also <u>Xavier v. Belfor USA Group., Inc.</u>, No. 06-491, 2009 WL 411559, at *5 (E.D. La. Feb. 13, 2009) (plaintiffs stated an overtime claim where they alleged that they routinely worked more than forty hours per week, that they were not paid overtime compensation, and that they were covered employees); <u>Uribe v. Mainland Nursery, Inc.</u>, No. 07-0229, 2007 WL 4356609, at *2-3 (E.D. Cal. Dec. 11, 2007) (plaintiffs stated an overtime claim with allegations that their employer failed to compensate them at the appropriate rate for hours worked in excess of forty hours per week and alleged that plaintiffs were non-exempt employees). In <u>Zhong</u>, 498 F. Supp. 2d at 628—applying a more stringent standard—the court explained that a plaintiff cannot merely allege that he worked in excess of forty hours, but must also approximate the number of hours worked without proper compensation and his hourly rate of pay. See also <u>Connolly v. Smugglers' Notch Mgmt. Co.</u>, No. 09-131, 2009 WL 3734123, at *3 (D. Vt. Nov. 5, 2009) (plaintiff stated an overtime claim by alleging that she worked between 2100-2300 hours per year); <u>Nichols v. Mahoney</u>, 608 F. Supp. 2d 526, 546 (S.D.N.Y. 2009) (plaintiffs stated an

---

state-law action, <u>Pruell v. Caritas Christi</u>, No. 09-11722 (D. Mass.) (Aff. of Stephen Enright Exs. A-G), ECF No. 15, provide for an hourly rate ranging from $16.73 to $63.43. For an employee on the higher end of this pay scale to state a minimum wage claim, he would need to work unpaid for eight and a half hours for every hour paid. The odds of such a claim are unlikely.

overtime claim by alleging time period during which they worked and that they worked fifty and sixty-five hours per week).

I need not choose between the competing standards, because the plaintiffs cannot even satisfy the less stringent one. Their complaint does not allege that they worked more than forty hours a week; it alleges only that Caritas "fail[ed] to pay overtime." (Compl. ¶ 115.) "[S]imply stating that a plaintiff was not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA." Zhong, 498 F. Supp. 2d at 630 (internal quotation omitted). Accordingly, the overtime wage claim must also be dismissed.

Before moving to the other claims, the plaintiffs' fallback arguments must be addressed. The plaintiffs cannot avoid their pleading obligations by arguing that the class is too large to make pleading specific facts practical. Although styled as a class action, no class has been certified. The action is currently brought on behalf of *two* named plaintiffs. To survive a motion to dismiss, the allegations of at least one named plaintiff must state a claim for relief. Cf. O'Shea v. Littleton, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

The plaintiffs also cannot avoid their pleading obligations by arguing that Caritas has better access to information concerning hours worked or wages paid. Even when facts are peculiarly within the possession of a defendant, a plaintiff is not excused from his pleading obligations. The necessary facts should be pled upon "information and belief." See Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010). But that is not the case here. The facts necessary to state a claim under Klinghoffer or Zhong are not peculiarly within the possession of Caritas. The plaintiffs should know approximately how many hours they worked per week and

6

their hourly rate or weekly wages. Caritas may have the exact records necessary to ultimately prove the wage claims, but approximations are sufficient to state a wage claim.

## II.     ERISA (Counts II and III)

Counts II and III allege that because of the Unpaid Work Policies, Caritas failed to keep accurate records of hours worked by the plaintiffs in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), and breached its fiduciary duty under the Caritas Christi Retirement Savings Plan (the "Plan") to credit all hours worked by the plaintiffs in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). Caritas has moved to dismiss both claims arguing that they are derivative of the FLSA claim. That is, the theory of liability on the ERISA claims is that because Caritas failed to compensate the plaintiffs for all hours worked, it did not accurately document their compensation or make contributions to the Plan. Because the plaintiffs have failed to adequately allege their FLSA claim, Caritas argues that they have also failed to adequately allege their ERISA claims. I agree. Counts II and III are dismissed.

## III.    RICO (Count IV)

Count IV alleges that because of the Unpaid Work Policies, Caritas violated the RICO Act, 18 U.S.C. § 1964(c). The plaintiffs assert that mail fraud resulting from the mailing of inaccurate paychecks is the predicate act that serves as the basis of this claim. Once again, this claim is derivative of the FLSA claim. The plaintiffs cannot adequately allege that Caritas committed mail fraud unless and until they allege that the paychecks contained false statements as to wages earned. Having failed to allege that they were not properly compensated, they have failed to adequately allege their civil RICO claim. Count IV is dismissed.

## IV. Estoppel (Count V)

Count V alleges that Caritas is estopped from asserting a statute of limitations defense. Because all substantive claims have been dismissed, there is nothing against which Caritas could assert this defense. Count V is also dismissed.

## V. Conclusion

For the foregoing reasons, the defendants' Motion to Dismiss Plaintiffs' Complaint (dkt. no. 18) is GRANTED.

The plaintiffs' request for leave to amend is GRANTED. The plaintiffs have twenty-one (21) days to file an amended complaint.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge