UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11466-GAO

ASHLEIGH PRUELL,
on behalf of herself and all other employees similarly situated,
Plaintiff,

v.

CARITAS CHRISTI, CARITAS CHRISTI NETWORK SERVICES, INC., CARITAS CARNEY HOSPITAL, INC., CARITAS GOOD SAMARITAN MEDICAL CENTER, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS NORWOOD HOSPITAL, INC., CARITAS SOUTHWOOD HOSPITAL, INC., CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., CARITAS ST. JOHN OF GOD HOSPITAL, INC., NORWOOD HOSPITAL, SAINT ANNE'S HOSPITAL CORP., RALPH DE LA TORRE, M.D., RICHARD KROPP, and CARITAS CHRISTI RETIREMENT PLAN,
Defendants.

ORDER ON SANCTIONS
May 31, 2013

O'TOOLE, D.J.

The defendants move for sanctions against the plaintiffs[1] and their counsel for submitting false "affirmations" (or affidavits) in support of their Motion to Certify Class and including plainly false allegations in their Amended Complaint. They also move to strike the affirmations and the Amended Complaint.

In support of their motion to certify a class, the plaintiffs and twelve other Caritas Christi employees submitted affirmations which are virtually identical but for a few minor details. Among the statements that the defendants contend are false are that the plaintiffs "worked throughout the Caritas Christi Health Care system ('Hospital System')" and that they "ha[d]

---

[1] Plaintiff Amy Gordon has been dismissed, but the parties stipulate that her dismissal does not affect this motion except to the extent that the defendants move to strike her affirmation from the record.

personal knowledge" of various specifics pertaining to the Hospital System's "centralized payroll process," "centralized automatic pay deduction policy," and "centralized timekeeping policies." (Aff. of Patrick J. Solomon (dkt. no. 79).) Plaintiff Gordon testified at her deposition that many of these statements were plainly false, as she never worked at any Caritas Christi hospital other than Holy Family, and she had no knowledge of how any other hospital handled payroll and timekeeping and whether such processes were centralized. Plaintiff Pruell likewise testified at her deposition that she had only worked at St. Elizabeth's Medical Center and that she did not know how employees at other Caritas Christi hospitals were paid.

In filing submissions, an attorney "certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(3). Upon objectively reasonable inquiry, counsel for the plaintiffs should have known at least that the plaintiffs did not work "throughout" the Caritas Christi system and that they lacked the knowledge to make detailed assertions about payroll and timekeeping policies. Even if the assertions about corporate policies were true, it is entirely misleading for such assertions to be made by persons who cannot attest to their veracity. Thus shown to have been false, both Gordon's and Pruell's affirmations are stricken from the record.

Further, there is no reason to have confidence in the truth of the twelve other boilerplate affirmations that were filed. They are also stricken from the record.

As an additional sanction, the plaintiff's collective action claim is stricken. No plausible allegation has been made to support a class of Caritas Christi employees in a substantially similar situation as the now sole named plaintiff with respect to work performed during meal breaks and after shifts. Specifically, no other identified putative class member is alleged to have performed

similar uncompensated tasks as those performed by the plaintiff, such as "returning calls to patients, going through charts, ordering charts, checking in patients, [] dealing with doctors . . . assist[ing] with patients, provid[ing] treatments and prepar[ing] prescriptions." (Second Am. Compl. at ¶ 95 (dkt. no. 104).)

Finally, monetary sanctions will be imposed against the plaintiffs' counsel at Thomas & Solomon LLP who filed the stricken affirmations. This is appropriate especially given that counsel were given the opportunity to withdraw the affirmations at issue, see Fed. R. Civ. P. 11(c)(2), but instead chose to face this motion for sanctions. Counsel shall pay to the defendants the costs and attorney fees incurred by them in litigating the motion for sanctions. The defendants shall submit an application for such costs and fees within fourteen days of the entry of this order. The plaintiff shall have fourteen days to respond.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge