UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11466-GAO

ASHLEIGH PRUELL,
on behalf of herself and all other employees similarly situated,
Plaintiff,

v.

CARITAS CHRISTI, CARITAS CHRISTI NETWORK SERVICES, INC., CARITAS CARNEY HOSPITAL, INC., CARITAS GOOD SAMARITAN MEDICAL CENTER, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS HOLY FAMILY HOSPITAL, INC., CARITAS NORWOOD HOSPITAL, INC., CARITAS SOUTHWOOD HOSPITAL, INC., CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., CARITAS ST. JOHN OF GOD HOSPITAL, INC., NORWOOD HOSPITAL, SAINT ANNE'S HOSPITAL CORP., RALPH DE LA TORRE, M.D., RICHARD KROPP, and CARITAS CHRISTI RETIREMENT PLAN,
Defendants.

OPINION AND ORDER
May 31, 2013

O'TOOLE, D.J.

This case arises out of the plaintiff's allegation that the defendants, a network of Catholic hospitals, did not properly compensate employees for overtime in violation of the Fair Labor Standards Act ("FLSA"). The defendants have moved to dismiss the Second Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). They alternatively move to dismiss the Complaint as to the hospitals where the plaintiff did not physically work and as to the individual defendants.

The case was filed in September 2009 by the plaintiff and Amy Gordon, who has since been dismissed from the case. Along with the FLSA claim, the original complaint also alleged violations of the Employee Retirement Income Security Act ("ERISA") and the Racketeer

Influenced and Corrupt Organizations Act ("RICO").[1] This Court dismissed the original complaint because the FLSA claim was deficiently pled and the ERISA and RICO claims were derivative of that claim. Pruell v. Caritas Christi, 2010 WL 3789318 (D. Mass. Sept. 27, 2010). The dismissal was without prejudice, and an amended complaint was filed. At a hearing in June 2011 this Court ruled from the bench that the FLSA claim remained deficient and again dismissed the complaint, this time with prejudice. The plaintiffs appealed, and the First Circuit affirmed the ruling that the amended complaint was inadequate but vacated the dismissal with prejudice, generously giving the plaintiff a final opportunity to adequately state a claim under the FLSA. Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012). The plaintiffs filed the Second Amended Complaint, which again was met with the present motion to dismiss for failure to state a claim upon which relief can be granted.

To survive such a motion, a plaintiff must present facts that make her claim plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A viable complaint must be well-pled, and the facts must support logical conclusions. Specifically, the complaint must contain "[m]ore than labels and conclusions, and a formulaic recitation of the elements of the cause of action." Id. at 555. When evaluating a motion to dismiss, this Court must take "all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**I.     FLSA**

Pruell works directly for (and at) Caritas St. Elizabeth's Medical Center. She claims that the defendants violated the FLSA's overtime compensation provision, 29 U.S.C. § 207, by

---

[1] The original complaint alleged violations of the FLSA's minimum wage and overtime provisions. The minimum wage violation is not included in the Second Amended Complaint currently before the Court.

maintaining "Unpaid Work Policies," which (among other things) automatically deducted time for a meal break even though she often worked through the break, and also did not compensate her for time spent working before or after a shift. The overtime compensation provision entitles covered employees to payment of one-and-one-half times their regular rate for hours worked in excess of forty in any workweek. 29 U.S.C. § 207(a)(1). To state a claim under the FLSA, the plaintiff must allege that she was employed by the defendants; that her work involved interstate activity; and that she performed work for which she was improperly compensated. See id.; see also Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

The prior complaints failed on the third element because they did not allege that the plaintiff had actually worked in excess of forty hours per week.  The amended complaint barely moved the ball forward by simply adding the following: "Throughout their employment with defendants, Plaintiffs regularly worked hours over 40 in a week and were not compensated for such time, including premium pay." (Am. Compl. ¶ 76 (dkt. no. 33).) In her third and final attempt, the plaintiff has finally given enough detail to state a plausible claim against St. Elizabeth's Medical Center. The plaintiff states the hospital for which she worked, her period of employment, her hourly compensation, and the number of hours in excess of forty for which she was not compensated. Therefore, the plaintiff has stated a claim for a violation of the FLSA's overtime provision against St. Elizabeth's, the hospital for which she works.

## II.    Individual Defendants

The defendants also move to dismiss the claims against the two individual defendants, Dr. Ralph de la Torre, President and CEO of Caritas Christi Health Care, and Richard Kropp, Senior Vice President of Human Resources of "the System." (Am. Compl. ¶ 70.) Corporate officers may be personally liable for a corporation's FLSA violations if they have certain

responsibilities with respect to hiring and paying employees. See Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983). The First Circuit has suggested that personal liability should not be imposed on officers who are only remotely responsible for decisions about workers' pay. See id. at 1513 ("It is difficult to accept . . . that Congress intended that any corporate officer or other employee with ultimate operational control over payroll matters be personally liable."). Rather, considerations that could lead to personal liability can include "the individual's ownership interest, degree of control over the corporation's financial affairs and compensation practices, and role in causing the corporation to compensate (or not compensate) employees in accordance with the FLSA." Chao v. Hotel Oasis, Inc., 493 F.3d 26, 34 (1st Cir. 2007) (internal quotations omitted).

To plead a plausible FLSA claim against an individual, a complaint needs to include factual allegations, not just conclusory allegations. See Iqbal, 556 U.S. at 681; see also Twombly, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. The Second Amended Complaint contains no factual allegations that would support any of the factors enumerated in Chao as a basis for imposing personal liability. The Complaint's only non-conclusory factual allegation relating to either individual defendant – that Dr. de la Torre played a role in hiring and firing senior management – does not address the Chao factors or any other specific facts that would support imposing personal liability on the individual defendants under present law. Consequently, the FLSA claims against the individual defendants do not meet the "plausibility" test, and accordingly must be dismissed.

**III.     Additional Hospital Defendants**

The defendants have also moved to dismiss all institutions in the Caritas network other than St. Elizabeth's Medical Center, where Pruell worked. Under the FLSA's overtime provisions, liability only attaches to an "employer." 29 U.S.C. § 207. While the FLSA does contemplate situations involving joint employers, see Falk v. Brennan, 414 U.S. 190, 195 (1973), to adequately allege liability on such a theory again requires the allegation of sufficient facts to make a plausible claim.

To determine whether an employment relationship exists under the FLSA, courts look to "the 'economic reality' of the totality of the circumstances bearing on whether the putative employee is economically dependent on the alleged employer." Baystate Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 675 (1st Cir. 1998). Again, the First Circuit has spelled out the factors to be considered in determining joint employment for purposes of the FLSA. Those factors are "whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Id.

As to all four Baystate factors the Complaint makes no relevant allegations or makes merely conclusory ones. There is no allegation that any defendant other than the plaintiff's direct employer, St. Elizabeth's, had any power to hire or fire her or supervised and controlled her work schedule. The closest the Complaint comes to making a plausible allegation for joint employment is the repeated vague assertion that there is a centralized Caritas system that handles payroll and human resources globally. That general allegation is not enough to state a plausible case of joint employment against any of the institutional defendants other than St. Elizabeth's.

**IV.**     **Conclusion**

For the reasons stated herein, the Defendant's Motion (dkt. no. 107) to Dismiss is GRANTED in part and DENIED in part. The action may proceed on Pruell's personal claim against St. Elizabeth's under the FLSA. All other claims are dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge